IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **JULIAN HATCH, et al.**<br><br>        Plaintiffs,<br><br>v.<br><br>**BOULDER TOWN COUNCIL, et al.,**<br><br>        Defendants. | **ORDER**<br><br>Case No. 2:01CV71DAK |

      This matter is before the court on Defendants' Motion for § 1988 Fees pursuant to Federal Rule of Civil Procedure 54(d)(2), local rule D.U. Civ. R. 54-2(f), and 42 U.S.C. § 1988. The court concludes that a hearing would not significantly aid it in determination of this motion. The court has carefully considered the parties' memoranda and other materials submitted, as well as the facts and law relating to this motion. Now being fully advised, the court enters the following Order.

      Defendants move for an award of attorneys' fees in the amount of $133,492. Section 1988 provides that "[i]n any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the Court in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. A prevailing defendant may receive attorneys' fees and costs when "in the exercise of its discretion [the trial court] has found that the plaintiff's actions were frivolous, unreasonable, or without foundation," or if the plaintiff "continued to litigate after it clearly became so." *Christiansburg Garmet Co. v. EEOC*,

434 U.S. 412, 421-22 (1978). In exercising its discretion to award fees and costs, courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation." *Id.* at 421.

In this case, Defendants prevailed on summary judgment. This case was reassigned due to the resignation of Judge Paul G. Cassell. This court, however, has closely analyzed Judge Cassell's previous order on summary judgment and concludes that Plaintiff's case was not unreasonable, frivolous, groundless, or brought for vexatious reasons. The award of fees and costs against a plaintiff should be reserved for the most egregious cases, and the court concludes that this case does not rise to such level. This case involved several substantive issues and considerable analysis. Therefore, Defendants' motion for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 is DENIED.

DATED this 22nd day of February, 2008.

                                          DALE A. KIMBALL
                                          United States District Judge